United States District Court
Southern District of Texas
**ENTERED**
August 19, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ROBERTO CARLOS PACHECO QUINTANA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-06559** |
| | § | |
| **RAYMOND THOMPSON,** ***et al.*****,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Before the Court is Petitioner Roberto Carlos Pacheco Quintana's Petition for Habeas Corpus (ECF No. 1) and the Federal Respondents' Motion to Stay, and in the alternative, Motion for Summary Judgment (ECF No. 5). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

## I. BACKGROUND

Petitioner is a non-citizen from El Salvador who entered the United States in or around 2005, more than 20 years ago. *See* ECF No. 1 ¶ 25, 27. He entered without inspection and was detained upon entry. He was issued a Notice to Appear ("NTA"), then eventually released and allowed to proceed through removal proceedings non-detained. *See id.* ¶ 22. Petitioner has complied with the requirements of his immigration proceedings. *Id.* ¶ 26.

In 2023, Petitioner was convicted of Driving While Intoxicated, for which he served three days in county jail. ECF No. 1 ¶ 25. Respondents detained Petitioner on July 11, 2026, after he

was pulled over for a routine traffic stop and arrested. *Id.* ¶ 29. The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2). ECF No. 5 at 3.

## II. ANALYSIS

### A. RESPONDENTS' REQUEST FOR A STAY IS DENIED.

As an initial matter, Respondents request that the Court stay its order granting Petitioner's habeas petition in light of the Fifth Circuit's published order granting the Government's motion for stay of the district court judgments pending the Fifth Circuit's *en banc* decision in *Sosnava Rodriguez*. *See Rodriguez v. Ortega*, ---F.4th---, 2026 WL 2104747 (5th Cir. July 21, 2026) ("Appellants' opposed motion for stay of the district court judgments pending rehearing *en banc* is GRANTED."). For the following reasons, the Motion to Stay is **DENIED**.

Respondents appear to argue that the Fifth Circuit's one-sentence order granting a stay of the underlying district court judgments in *Sosnava Rodriguez* has the extraordinary effect of barring all district courts from granting habeas petitions by noncitizens detained pursuant to 8 U.S.C. § 1225(b)(2) on any due process ground—no matter how dissimilar from the reasoning at issue in the stayed district court judgments.

The Court already considered and rejected this argument. *See Perozo-Mata v. Blanche*, 4:26-CV-05679, Doc. No. 9 at 4-6 (S.D. Tex. July 27, 2026); ECF No. 8 (Order Granting Petition) at 3 n. 1. The Court declines to reconsider its prior decisions on this question. While it is of course true that the stay, as a published order, is binding on this Court, the order is silent as to its scope and reasoning. Had the Fifth Circuit intended to stay all habeas relief on any due process grounds—even grounds not considered or relied upon by the stayed district court orders—it could easily have

expressed this intent. The mere fact that the Fifth Circuit granted the government's motion without reasoning does not imply that it adopted each and every one of the Government's arguments—particularly those that were never addressed by the district courts. As the Court has previously stated, "[t]he Court will not presume that the Fifth Circuit intended such far-reaching (and unstated) consequences from its unreasoned, one-sentence stay order."[1] *Perozo-Mata v. Blanche*, 4:26-CV-05679, Doc. No. 9 at 6 n. 2.

For these reasons, the Court will consider the merits of Mr. Pacheco Quintana's Petition for Writ of Habeas Corpus.

**B. RESPONDENTS' DETENTION OF PETITIONER VIOLATES HIS PROCEDURAL DUE PROCESS RIGHTS.**

Petitioner argues that his detention violates the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's detention violates his procedural due process rights, it declines to address the additional reasons that Petitioner believes his continued detention is unlawful.

The Court recently addressed a similar set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, 822 F.Supp.3d 762 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases,

[1] Other district courts within the Fifth Circuit have similarly concluded that the stay does not bar all relief on due process grounds for people detained pursuant to § 1225(b)(2). *See, e.g.*, *Camacho v. Dep't of Homeland Sec.*, No. EP-26-CV-01717-DB, 2026 WL 2137156, at *2-3 (W.D. Tex. July 24, 2026) (concluding that "facial invalidation of Section 1225(b)(2)(A) is all that is precluded" by the stay); *Mercado Leyva v. United States Department of Justice Immigration Court*, 5:26-CV-01196, Doc. No. 11 at 2-3 n. 1 (S.D. Tex. July 23, 2026) ("Without clearer direction, the Court will not deny relief this Court deems meritorious solely because the district court judgments granting relief to individual habeas petitioners were stayed.").

the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. *See Betancourth*, 822 F.Supp.3d at 768-770; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court has previously rejected Respondents' arguments concerning *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1 (2003). *Betancourth*, 822 F.Supp.3d at 766-769. The same is true of Respondents' argument regarding *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4.

Respondents have not argued that Petitioner's criminal charges are the reason for his detention, instead asserting that his detention is justified because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Regardless, the Court concludes that Petitioner's possible traffic violation cannot justify his detention without bond absent a finding, by clear and convincing evidence, that Petitioner presents a flight risk or a danger to his community. There was no such finding here. The Government "created a liberty interest in Petitioner's release under § 1226(a) when it made the decision to release" him in 2005, and "that release cannot be revoked arbitrarily and without due process." *Bethancourt*, No. 4:26-CV-01169, 2026 WL 638482, at *6; *see also J.U. v. Maldonado*, 805 F. Supp. 3d 482, 498 (E.D.N.Y. 2025) (ordering release where the petitioner was re-detained "with no process at all, much less prior notice, no showing of changed circumstances, or an opportunity to respond"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 497 (S.D.N.Y. 2025) ("Indeed, given the nature of the constitutional violation [petitioner] sustained here—i.e., Respondents' failure to conduct any kind of individualized assessment before [re-]detaining him—any post-deprivation review by an immigration judge would be inadequate.").

Petitioner's re-detention thus violated his Fifth Amendment right to procedural due process, and release is the proper remedy.

## III. RELIEF

The Court **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of his prior release order.
2. Respondents must release Petitioner in a public place within the Southern District of Texas and must notify his counsel or next friend of the time and place of his release **no less than three hours** prior to his release from custody.
3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.
4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **<u>on or before August 25, 2026,</u>** informing the Court of the status of Petitioner's release and Respondents' compliance with the provisions above.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before September 2, 2026.**

Signed at Houston, Texas on August 19, 2026

Keith P. Ellison
United States District Judge